UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA



RUSSELL GALLAHER,

Plaintiff,
vs.

CAPITAL MANAGEMENT SERVICES, L.P.,

Defendant.
_____/

Case No.:

6:10-CV-1908-19 DAB

## COMPLAINT

1. Plaintiff alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq. ("FDCPA").

### JURISDICTION

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331, 1337, and pursuant to 15 U.S.C. § 1692 et seq. ("FDCPA").

3. This action arises out of Defendant's violations of the FDCPA, and out of the invasions of Plaintiff's personal and financial privacy by this Defendant and its agents in its illegal effort to collect a consumer debt from Plaintiff.

4. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

### PARTIES

5. Plaintiff, Russell Gallaher, is a natural person who resides in the City of Altamonte Springs, County of Seminole, State of Florida, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

6. Defendant Capital Management Services, L.P. (hereinafter "Defendant CMS") is a collection agency operating from an address of 726 Exchange Street, Suite 700, Buffalo, NY, 14210, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

7. Defendant CMS regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

8. Defendant CMS regularly collects or attempts to collect debts for other parties.

9. Defendant CMS is a "debt collector" as defined in the FDCPA.

10. Defendant CMS was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

## FACTUAL ALLEGATIONS

11. Plaintiff incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

12. Sometime thereafter, the debt was consigned, placed or otherwise transferred to Defendant for collection from this Plaintiff.

13. Defendant sought to collect from Plaintiff an alleged debt arising from transactions incurred for personal, family or household purposes.

## COLLECTION CALLS

14. In or about December, 2010, Defendant CMS's collectors contacted Plaintiff by telephone multiple times in an effort to collect this debt, which were "communications" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

15. During these December, 2010 calls, Defendant left voice mails on Plaintiff's answering machine, and failed to identify themselves as debt collectors.

## SUMMARY

16. All of the above-described collection communications made to Plaintiff by Defendant CMS, and collection employees employed by Defendant CMS, were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692(d)6, and 1692e(11).

17. During its collection communications, Defendant and the individual debt collectors employed by Defendant CMS failed to provide Plaintiff with the notice required by 15 U.S.C. § 1692(d) 6, and 1692e(11), amongst others.

18. The above-detailed conduct by this Defendant of harassing Plaintiff in an effort to collect this debt were violations of numerous and multiple provisions of the FDCPA, including but not limited to all of the above mentioned provisions of the FDCPA.

## TRIAL BY JURY

19. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable. US Const. amend. 7. Fed.R.Civ.P. 38.

## CAUSES OF ACTION

## COUNT 1

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et seq.

20. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

21. The foregoing acts and omissions of the Defendant and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

22. As a result of the Defendant's violations of the FDCPA, Plaintiff is entitled to statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from the Defendant herein.

## COUNT 2

### FAILURE TO DISCLOSE STATUS AS A DEBT COLLECTOR

23. Defendant failed to disclose in the telephone messages that it is a debt collector in violation of 15 U.S.C. 1692e(11).

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment in favor of Plaintiffs and against Defendant for:

a) Damages and

b) Attorneys' fees and costs.

## COUNT 3

### FAILURE TO MAKE MEANINGFUL DISCLOSURE OF IDENTITY

24. Defendant placed telephone calls to Plaintiff without making meaningful disclosures of its identity when it failed to disclose that they were debt collectors, and the purpose of Defendant's communications in the telephone messages in violation of 15 U.S.C. 1692d(6).

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment in favor of Plaintiff and against Defendant for:

A) Damages and

B) Attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against the Defendant.

Dated:  December 17, 2010

Respectfully submitted,

Andrew I. Glenn
E-mail: AGlenn@cardandglenn.com
Florida Bar No.: 577261
J. Dennis Card, Jr.
E-mail:DCard@cardandglenn.com
Florida Bar No. 0487473
Card & Glenn, P.A.
2501 Hollywood Boulevard, Suite 100
Hollywood, Florida 33020
Telephone: (954) 921-9994
Facsimile: (954) 921-9553
Attorneys for Plaintiff